UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISAAC COLLIER,

    Plaintiff,

v.                            CASE NO.:

LT PLUMBING, LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ISAAC COLLIER, by and through undersigned counsel, brings this action against Defendant, LT PLUMBING, LLC, and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*, and the Florida Workers' Compensation Act ("FWCA"), Fla. Stat. § 440.205.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 12101 *et seq*. This Court also has pendent jurisdiction over the state law claims.

3. Venue is proper in this District, because all of the events giving rise to these claims occurred in Manatee County, which is in this District.

## **PARTIES**

4. Plaintiff is a resident of Manatee County, Florida, and he worked in Manatee County, Florida.

5. Defendant is located in Manatee County, Florida.

## **GENERAL ALLEGATIONS**

6. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA, the FCRA, and the FWCA.

7. At all times material hereto, Defendant employed fifteen (15) of more employees. Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA.

8. At all times material hereto, Defendant was an "employer" within the meaning of the FWCA, Fla. Stat. § 440.02(16).

9. Plaintiff has satisfied all conditions precedent, or they have been waived.

10. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

11. Plaintiff requests a jury trial for all issues so triable.

## **FACTS**

12. Plaintiff began employment with Defendant on or around July 1, 2024.

13. Plaintiff was a qualified individual with a disability or who was perceived as being disabled.

14. Specifically, on or around December 19, 2024, Plaintiff sustained a workplace injury after carrying and stacking heavy items for work, when his back seized up, becoming tight and causing a pain to radiate from his back throughout his body.

15. At this time, Plaintiff collapsed and was assisted by his coworkers, as he was unable to stand on his own.

16. Defendant's foreman (Plaintiff's supervisor) was informed of Plaintiff's injury.

17. Ultimately, on the day of his injury, Plaintiff was brought to the emergency room, where he was treated for this injury.

18. Plaintiff's injuries substantially limited one or more major life activities, or caused Plaintiff to be perceived by others as having a disability.

19. Plaintiff was able to then return to work for a couple of days after his injury.

20. During these days, Plaintiff's supervisor was attempting to dissuade Plaintiff from continuing the job, stating that, "it's not for everybody" and encouraging Plaintiff to just "suck it up," referring to Plaintiff's injury.

21. Plaintiff also provided Defendant with workers' compensation paperwork.

22. Under the FWCA, Plaintiff had a valid claim for benefits for the injury that he had sustained at work.

23. In the alternative, Plaintiff reasonably believed that he had a valid claim under the FWCA.

24. By attempting to pursue his right to file a valid Workers' Compensation claim, Plaintiff engaged in protected activity under the FWCA.

25. Plaintiff pursued a claim for workers' compensation benefits.

26. However, Defendant tore up the workers' compensation paperwork and threw it away, stating that this would raise Defendant's insurance costs.

27. At this time, Defendant also told Plaintiff that Plaintiff would not be able to continue working, unless he provided Defendant with a doctor's note, stating that Plaintiff was cleared to return to the "field."

28. Accordingly, on or around December 27, 2024, Plaintiff provided Defendant with this medical note, as requested.

29. Through the medical documentation, Plaintiff requested the reasonable accommodation of light duty until Monday, December 30, 2024, at which time Plaintiff would be able to return to full duty.

30. This light duty could have consisted of in-office work for only a few days.

31. This would not have caused any undue burden on Defendant, as Plaintiff was already partially performing in-office work, learning to read blueprints.

32. Plaintiff was able to perform his job with or without reasonable accommodation.

33. However, roughly just ten (10) minutes later, Defendant terminated Plaintiff, stating that Defendant was concerned that Plaintiff was a "liability," and that Defendant was concerned that Plaintiff would sustain another injury.

34. Defendant failed to provide Plaintiff with a reasonable accommodation and entirely failed to engage in the interactive process regarding a reasonable accommodation.

35. Defendant terminated Plaintiff based on his disability and in retaliation for Plaintiff having engaged in protected activity, in violation of the ADA, the FCRA, and the FWCA.

## COUNT I – ADA VIOLATION
## (DISABILITY DISCRIMINATION)

36. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 20, and 27 through 35 of this Complaint, as though fully set forth herein.

37. Plaintiff is a member of a protected class under the ADA.

38. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, including termination of Plaintiff's employment.

39. Defendant's actions were willful and done with malice.

40. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b)     That process issue and that this Court take jurisdiction over the case;

    c)     That this Court enter an injunction restraining continued violation of the ADA;

    d)     Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

    e)     Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

    f)     Reinstatement of Plaintiff's full fringe benefits and seniority rights;

    g)     Any other compensatory damages, including emotional distress, allowable at law;

    h)     Punitive damages;

    i)     Prejudgment interest on all monetary recovery obtained.

    j)     All costs and attorney's fees incurred in prosecuting these claims; and

    k)     For such further relief as this Court deems just and equitable.

## COUNT II—ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

41.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 20, and 27 through 34 of this Complaint, as though fully set forth herein.

42. Plaintiff is disabled, or was perceived by Defendant as being disabled.

43. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability, which would have allowed him to return to work and perform the essential functions of his job, and shortly thereafter terminated his employment.

44. Defendant's actions were willful and done with malice.

45. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issues and that this Court take jurisdiction over the case;

    c) An injunction restraining continued violation of the law enumerated herein;

    d) Compensation for lost wages, benefits, and other remuneration;

    e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f) Compensatory damages, including emotional distress, allowable at law;

    g) Punitive damages;

    h) Prejudgment interest on all monetary recovery obtained;

  i)  All costs and attorney's fees incurred in prosecuting these claims; and

  j)  For such further relief as this Court deems just and equitable.

## COUNT III – ADA RETALIATION

46. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 20, 27 through 33, and 35 of this Complaint, as though fully set forth herein.

47. Plaintiff is a member of a protected class under the ADA.

48. Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodations.

49. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

50. Defendant's actions were willful and done with malice.

51. The adverse employment action that Defendant took against Plaintiff was material.

52. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

  a)  A jury trial on all issues so triable;

  b)  That process issue and that this Court take jurisdiction over the case;

  c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

  d) That this Court enter an injunction restraining continued violation of the ADA;

  e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

  f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

  g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

  h) Any other compensatory damages, including emotional distress, allowable at law;

  i) Punitive damages;

  j) Prejudgment interest on all monetary recovery obtained.

  k) All costs and attorney's fees incurred in prosecuting these claims; and

  l) For such further relief as this Court deems just and equitable.

## **COUNT IV – FCRA VIOLATION**
## **(DISABILITY DISCRIMINATION)**

53. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 20, and 27 through 35 of this Complaint, as though fully set forth herein.

54. Plaintiff is a member of a protected class under the FCRA, due to his disability.

55. Plaintiff was subjected to disparate treatment on the basis of handicap/disability, and/or perceived handicap/disability, including termination of Plaintiff's employment.

56. Defendant's actions were willful and done with malice.

57. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

    d)    Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

  e) Any other compensatory damages, including emotional distress, allowable at law;

  f) Punitive damages;

  g) Prejudgment interest on all monetary recovery obtained.

  h) All costs and attorney's fees incurred in prosecuting these claims; and

  i) For such further relief as this Court deems just and equitable.

## COUNT V—FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

58. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 20, and 27 through 34 of this Complaint, as though fully set forth herein.

59. Plaintiff has a handicap or was perceived by Defendant as having a handicap.

60. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability, which would have allowed him to return to work and perform the essential functions of his job, and shortly thereafter terminated his employment.

61. Defendant's actions were willful and done with malice.

62. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

      a)     A jury trial on all issues so triable;

      b)     That process issue and that this Court take jurisdiction over the case;

      c)     Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

      d)     Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

      e)     Any other compensatory damages, including emotional distress, allowable at law;

      f)     Punitive damages;

      g)     Prejudgment interest on all monetary recovery obtained.

      h)     All costs and attorney's fees incurred in prosecuting these claims; and

      i)     For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

63. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 20, 27 through 33, and 35 of this Complaint, as though fully set forth herein.

64. Plaintiff is a member of a protected class under the FCRA, due to his disability.

65. Plaintiff engaged in protected activity under the FCRA by requesting reasonable accommodations.

66. Defendant retaliated against Plaintiff by terminating his employment.

67. Defendant's actions were willful and done with malice.

68. Defendant took material adverse action against Plaintiff.

69. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

    d)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    e)    Any other compensatory damages, including emotional distress, allowable at law;

    f)    Punitive damages;

    g)    Prejudgment interest on all monetary recovery obtained.

    h)    All costs and attorney's fees incurred in prosecuting these claims; and

    i)    For such further relief as this Court deems just and equitable.

## **COUNT VII – WORKERS' COMPENSATION RETALIATION**

70. Plaintiff realleges and readopts the allegations of paragraphs 1 through 6, 9 through 12, 14 through 17, 19 through 28, 33, and 35 of this Complaint, as though fully set forth herein.

71. Plaintiff engaged in protected activity under the FWCA by filing or attempting to file a valid Workers' Compensation claim for an injury that he suffered at work.

72. Defendant retaliated against Plaintiff for engaging in protected activity under the FWCA by terminating Plaintiff's employment.

73. Plaintiff was injured as a result of Defendant's violations of the FWCA, Fla. Stat. § 440.205.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue, and that this Court take jurisdiction over the case;

    c) That this Court enter a declaratory judgment stating that Defendant retaliated against Plaintiff, in violation of Fla. Stat. § 440.205;

    d) Compensation for lost wages, benefits, and other remuneration;

    e) Compensatory damages, including damages recoverable for emotional distress allowable at law; and

    f) For such further relief as this Court deems just.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 13th day of February, 2026.

> Respectfully submitted,
>
> */s/ Brandon J. Hill*
> **BRANDON J. HILL**
> Florida Bar Number: 0037061
> Direct Dial: 813-337-7992
> **HANNAH E. DEBELLA**
> Florida Bar Number: 1026002
> **WENZEL FENTON CABASSA, P.A.**
> 1110 N. Florida Avenue, Suite 300
> Tampa, Florida 33602
> Main Number: 813-224-0431
> Facsimile: 813-229-8712
> Email: bhill@wfclaw.com
> Email: hdebella@wfclaw.com
> Email: aketelsen@wfclaw.com
> **Attorneys for Plaintiff**